IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAELA MASHBURN-GREEN,

        Plaintiff,

v.

MARTIN O'MALLEY[1],
Acting Commissioner of Social Security,

        Defendant.

ORDER

21-cv-455-slc

---

On March 21, 2022, the court granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). *See* dkts. 21 & 22. On April 19, 2022, the court entered an order awarding plaintiff attorney under the EAJA in the amount of $5,988.35. *See* dkts. 24-25. After further administrative proceedings, the Commissioner awarded plaintiff benefits, including $94,599.90 in past-due benefits. Plaintiff's lawyer, Dana Duncan, now seeks approval under 42 U.S.C. § 406(b) of fees in the gross amount of $13,585.50[2], pursuant to his 25% contingency fee agreement with plaintiff. Dkt. 26-1. (Although this amount is less than 25% of the past-due benefits awarded, Duncan states that he has voluntarily reduced his request so that the effective hourly rate for his time is $550.) Such amount is being withheld from plaintiff's past-due benefits by the Social Security Administration. Duncan's time records reflect that 24.7 hours of "attorney time" was devoted to working on this case. Dkt. 26-3.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for

---

[1] The court has changed the caption to reflect Martin O'Malley's recent appointment as Commissioner of Social Security.

[2] This amount includes the prior EAJA award of $5,988.35. Duncan asks the court only to award him the net amount of $7,596.65.

representation in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id*. at 795 (citing 42 U.S.C. § 406(b)(1)(A)). Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id*. Where, as here, the attorney was previously awarded fees from the government under the EAJA, the EAJA award offsets the allowable fee under § 406(b). *Id*. at 796. Thus, where attorney's fees are awarded under both § 406(b) and the EAJA, the attorney is entitled to keep the larger fee but must return the smaller fee to the claimant. *Id*.

In *Gisbrecht*, the Supreme Court found nothing in the text or history of § 406(b) to suggest that Congress intended to displace contingent-fee agreements "as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but only that it wanted courts to serve as "an independent check" to ensure that such agreements "yield reasonable results in particular cases." *Id*. In assessing this reasonableness, said the Court, lower courts should not use the lodestar method used for assessing fees against the losing party but rather should determine whether "the fee sought is reasonable for the services rendered," taking into account factors such as the character of the representation, results achieved, any attorney-created delay, and whether the award would be a "windfall" for the attorney. *Id*. at 806-08.

The fee requested by Attorney Duncan in this case is reasonable. Duncan is an experienced social security attorney who obtained excellent results for his client, securing a stipulated remand that ultimately led to a monthly benefit award to plaintiff of $1,200 and past-due benefits of $94,599.90. A total award of $13,585.50 for 24.7 hours of attorney time translates to a rate of $550, which is on the low side for such awards. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates

as high as $400 to $1,500). Moreover, as in all social security cases, there was a high risk that Duncan would recover nothing. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). Accordingly, the court will grant counsel's motion and approve fees in the gross amount of $13,585. For simplicity, the court will subtract the $5,988.35 fee that counsel received under the Equal Access to Justice Act, which would otherwise have to be refunded to the plaintiff, so that the net amount that should be dispersed to counsel from plaintiff's past-due benefits is $7,596.65.

ORDER

IT IS ORDERED that Dana W. Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 26, is GRANTED. The court approves representative fees in the gross amount of $13,585. Counsel may retain the $5,988.35 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award. The net amount of $7,596.65 shall be disbursed by the commissioner from any of plaintiff's past-due benefits being withheld and in accordance with agency policy.

Entered this 24th day of April, 2024.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge